Martinez *vs.* Estoup.

No. 6351.

FRANCISCO P. MARTINEZ vs. J. ESTOUP. W. HUNTERMAN, INTERVENOR.

Where the fraudulent simulation of a mortgage is alleged by an attacking creditor, the kind and extent of business of the mortgagor and of the mortgagee, are legitimate subjects of inquiry with a view to ascertain whether so much money as is pretended to have been loaned by the one and borrowed by the other has a basis of probability, and the circumstance that these parties are closely connected will countenance the suggestion that the mortgage is a family arrangement to protect property, and it will be annulled.

APPEAL from the Sixth District Court of New Orleans. SAUCIER, J.

Martinez *vs.* Estoup.

*Cotton & Levy* for Plaintiff and Appellee.   *Livingston* for Defendant and Appellant.   *Violet* for Intervenor and Appellant.

SPENCER, J.   Plaintiff brings this suit for the purpose of obtaining judgment against the defendant, Estoup, and to annul as fraudulent and simulated, a mortgage granted by him on October 14, 1875, to his brother-in-law Hunterman the intervenor, for $3,500, on certain real estate in New Orleans.   The petition contains the usual allegations of insolvency of the defendant, and the concoction of this mortgage to his kinsman to screen his property.   He prays for a writ of attachment, which was issued, and the property mortgaged was seized by the sheriff.

Hunterman without being cited, intervened in the suit, and alleged the *bona fides* and validity of his mortgage and the notes secured thereby — denied the insolvency and averred his ignorance thereof if true, and that the notes and mortgage were given to secure him an indebtedness for money loaned to and deposited with the defendant.

Another brother-in-law of defendant, to wit: one Conrad, was made party by supplemental petition, on the allegation that he was in custody of the mortgage notes.

Plaintiff answered the intervenor by reiterating his charges of fraud and simulation, and of insolvency to the knowledge of intervenor.

On these issues the parties went to trial.   There was judgment for plaintiff and intervenor appeals.   We have given the evidence careful consideration, and think it discloses the following salient facts: —

Estoup was a retail dealer in shoes in New Orleans, and on a comparatively small scale.

He had bought and owned two or three small pieces of real estate.   In October, 1875, he was insolvent.   Hunterman and Konrad were his brothers-in-law.   The former a seafaring man, in the fruit trade, sometimes commanding his schooner and in one instance owning one-third interest in it worth about $1,333.

The latter kept a paint shop.   On October 14th, 1875, Estoup executed the mortgage to Hunterman.   On October 18th, 1875, he executed another mortgage to Konrad for $2,500.   On October 23rd his wife sued him for separation of property and for one thou-

sand dollars paraphernal funds. On November 2nd, 1875, he confessed judgment in favor of Wm. Solonsoss for $1,000. During the time of these transactions Estoup continued to buy goods of plaintiff, who was, of course, ignorant of them.

As soon as plaintiff discovered these manœuvres of his debtor, he brought this suit, to wit: on November 6th, 1875.

Estoup thereupon made an effort to compromise with his creditors, and offered to pay plaintiff fifty cents on the dollar, and to secure the amount by giving him the mortgage note secured by the Konrad mortgage. This the plaintiff declined, although Estoup produced the mortgage note and left it with him to examine. Then there was an offer by Konrad to give him the security of the Hunterman notes, which it seems were in Konrad's hands, they, as he swears, having been deposited with him by Hunterman before starting on a voyage. Estoup swore stoutly at first that this Konrad mortgage for $2,500 was for a *bona fide* loan of money. Konrad swears he loaned Estoup $500 only.

As to the Hunterman mortgage, Estoup and Hunterman swear that it was given to secure a previous indebtedness for loaned and deposited money.

Konrad, and still another brother-in-law of Estoup, swear that Hunterman had been known by them to have at one time as much as two or three thousand dollars. But no one knows, or pretends to know, of his own knowledge, about these loans and deposits except Hunterman and Estoup. We have seen that Estoup's memory of such matters was, to say the least, very unreliable about the Konrad loan.

The district judge had all these witnesses before him. He saw them, and heard them, and, perhaps, knew them. He thought the mortgage in question a fraud and a simulation. It looks to us very like a family arrangement to save Estoup from his creditors.

*Judgment affirmed.*